IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:08CR446-2 |
| | ) | |
| TRAVIS DESMOND SHORT, | ) | |
| | ) | |

<u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>

This matter is before the Court on Defendant Travis Desmond Short's Letter Motion [Doc. #45] seeking modification of his sentence. On May 5, 2009, Defendant pled guilty to two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Defendant was sentenced on January 28, 2010, to 60 months of imprisonment. Subsequently, Defendant was sentenced in state court on separate state charges to 43 to 60 months of imprisonment. According to Defendant, the state court designated the state sentence to run concurrently with the federal sentence. However, he states that he recently discovered that he did not receive federal credit while he served his state sentence.

Defendant has now submitted the present Letter Motion asking this Court to modify the Judgment entered in this case to designate this Court's sentence to run concurrently with the subsequently imposed state court sentence. However, it is unclear on what procedural basis he brings his Motion. Under Federal Rule of Criminal Procedure 35(a), the Court may correct a sentence resulting from arithmetical, technical, or other clear error within 7 days after sentencing. As that time has passed in the present case, Rule 35(a) would not apply. Rule 35(b) also allows the Court to amend or reduce a sentence, but only on a motion by the Government, which is also not applicable in the present case. Finally, Rule 36 provides that "[a]fter giving any

notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Cr. P. 36. However, Defendant has not shown that there was any clerical error or error resulting from oversight or omission in his Judgment. Defendant has also failed to show any basis for modifying his sentence under 18 U.S.C. § 3582(c) related to a retroactive amendment to the Sentencing Guidelines or a compassionate release requested by the Bureau of Prisons. Thus, Defendant has failed to raise a proper procedural basis for bringing the present motion.

The Court notes that the United States Supreme Court recently determined that a federal district court has the discretion to order a criminal defendant's sentence to run concurrently or consecutively to an anticipated but not yet imposed state sentence. Setser v. United States, 132 S. Ct. 1463, 1468 (2012). However, there is no basis to conclude that the decision in Setser would authorize post-judgment modification of a sentence by this Court. Indeed, the decision in Setser contemplates that post-judgment adjustments, if necessary, will be addressed by the Bureau of Prisons. See Setser, 132 S. Ct. at 1473 ("There will often be late-onset facts that materially alter a prisoner's position and that make it difficult, or even impossible, to implement his sentence. This is where the Bureau of Prisons comes in—which ultimately has to determine how long the District Court's sentence authorizes it to continue [Petitioner's] confinement. [Petitioner] is free to urge the Bureau to credit his time served in state court . . . . If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. And if that does not work, he may seek a writ of habeas corpus."). Following the

decision in Setser, other courts in this Circuit have noted that in making these post-judgment determinations, the Bureau of Prisons has continued to follow the previously-prescribed procedure. See Brown v. Zych, No. 7:11CV605, 2012 WL 5386339 (W.D. Va. Nov. 1, 2012) (collecting cases). Pursuant to that procedure, Defendant is free to request a "nunc pro tunc" designation from the Bureau of Prisons, and the Bureau of Prisons may seek to ascertain the sentencing court's view, but other than responding to such a request, there is no basis for this Court to be involved in the Bureau of Prison's designation process. See 18 U.S.C. § 3621(b); Trowell v. Beeler, 135 F. App'x. 590, 594 (4th Cir. May 19, 2005); see also Simpson v. Dunbar, 2013 WL 1146780 (E.D.N.C. Mar. 19, 2013). Similarly, to the extent Petitioner asks for certain "credit" or otherwise challenges the calculation of his sentence, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b), and the Supreme Court has held that the Attorney General, through the Bureau of Prisons, is responsible in the first instance for computing the credit under § 3585(b). See United States v. Wilson, 503 U.S. 329, 334-35 (1992). To the extent Defendant may seek to obtain judicial review of some determination by the Bureau of Prisons, Defendant must first exhaust his administrative remedies with the Bureau of Prisons and may then seek judicial review under 28 U.S.C. § 2241 in the district where he is confined.[1] Therefore, Defendant's Letter Motion should be denied without prejudice to Defendant presenting his request to the Bureau of Prisons.

---

[1] Petitioner filed a separate document which this Court treated as a § 2241 Petition (1:12CV1286). However, the Court has similarly recommended that it be dismissed without prejudice to Petitioner pursuing it in the proper format and in the correct district. In addition, Petitioner has also filed other documents that the Court has dismissed without prejudice to filing on the proper forms under 28 U.S.C. § 2255. If Defendant seeks to raise his contentions under § 2255, he should do so on the proper forms as previously instructed.

IT IS THEREFORE RECOMMENDED that Defendant's Letter Motion [Doc. #45] be denied without prejudice to Defendant presenting his request to the Bureau of Prisons.

This, the 31st day of October, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge